

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6747 | **DATE** | 3/30/2012 |
| **CASE TITLE** | Kevin Matthews, Sr. vs. J&C Cleaning et al | | |

**DOCKET ENTRY TEXT**

Given fundamental deficiencies in the complaint, the court allows the pro se Plaintiff to file an amended complaint by April 27, 2012, or the case will be dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Although the court construes pro se complaints liberally, pro se Plaintiff Kevin Matthews's complaint, filed September 28, 2011, has fundamental deficiencies. Plaintiff shall have until April 27, 2012, to file an amended complaint. The court directs Plaintiff's attention to the following deficiencies.
    First, the complaint states no clear cause of action, nor does it state a clear ground for federal jurisdiction. The complaint only vaguely mentions race and disability. The complaint does not make clear the relationship, if any, between Plaintiff and Defendants J&C Cleaning Services and Calvin Diggs. Without subject matter jurisdiction the court must dismiss the case, particularly where the complaint is also unlikely to survive a Rule 12(b)(6) motion. See Johnson v. Orr, 551 F.3d 564, 570 (7th Cir. 2008). ("[I]f a claim that purportedly arises under a federal statute is wholly insubstantial and frivolous, then the court must dismiss that claim." (quotation omitted)).
    Second, the complaint does not comply with Federal Rule of Civil Procedure 10, which requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint consists largely of sentence fragments and non-sequitur statements. This renders the complaint nearly incomprehensible. Attached to the complaint are two affadavits and one declaration. They are predominantly incoherent as well. They appear to have been originally filed in a separate case before Judge Guzman. If the factual contents of the attachments are pertinent to Plaintiff's claim, then that information belongs in the complaint.
    Third, Plaintiff has failed to serve Defendants within 120 days, as required by Rule 4. Fed. R. Civ. P. 4(m). Plaintiff has represented he diligently attempted to file an application to proceed in forma pauperis, and that clerical errors by others have stalled this process. The court notes that the docket reflects no motion to proceed in forma pauperis currently pending. Plaintiff shall renew his application in timely fashion.
    Given the many problems with this complaint, the court may dismiss it at any time. However, Plaintiff, who proceeds pro se, may file an amended complaint by April 27, 2012. In filing a new complaint, Plaintiff is admonished to comply with Rule 10, as discussed above. In drafting a new complaint, Plaintiff

| STATEMENT |
|---|
| must also follow Rule 8, which states: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."<br>    IT IS SO ORDERED. |

FILED
2012 MAR 30 PM 4:52
CLERK
U.S. DISTRICT COURT